UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> 2018 TOYOTA TACOMA, § <br> Defendant. § | CIVIL NO. |

VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America, Plaintiff, files this action for forfeiture and alleges upon information and belief:

Nature of Action

1.  This civil forfeiture action in rem is brought under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq*.), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

Jurisdiction and Venue

2.  This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3.  Venue is proper in the Southern District of Texas under 28 U.S.C. §§ 1355, 1391, and 1395.

Defendant Property

4. The Defendant is a 2018 Toyota Tacoma (VIN: 5TFCZ5AN5JX122470) (the "Defendant Property"). Law enforcement officers seized Defendant Property on or about January 25, 2019, from a drug stash house belonging to Julio Cesar Gamez (hereinafter "Gamez"), located at 7704 Brumblay Street, Houston, Texas.

5. The Defendant Property in the custody of the United States Marshals Service.

6. Jorge Espinosa (hereinafter "Espinosa"), filed a claim with the United States Drug Enforcement Administration ("DEA") contesting the administrative forfeiture of the Defendant Property. Espinoza stated that he is the owner of the Defendant Property.

Factual Basis

7. On or about January 25, 2019, Houston Police officers assigned to TNET Squad 21 conducted an investigation after a Source of Information (hereinafter "SOI") advised that Gamez, owner of the stash house, located at 7704 Brumblay Street, Houston, Texas would be making cocaine drug deliveries throughout the day. According to the SOI, Gamez used the stash house to conduct drug transactions.

8. On or about the same day, Hector Manuel Perez (hereinafter "Perez") walked up to the front door of Gamez's stash house, inserted a key into the front door, opened it and entered. Approximately eight minutes later, a white Lincoln Navigator arrived and Perez walked out of the house carrying a brown plastic grocery bag. Perez got into the passenger side and the Navigator drove away.

9. Shortly thereafter, Harris County Constable Precinct 2 deputies in a marked cruiser conducted a traffic stop. They questioned the driver and then turned their attention

to Perez. Perez got out of the Navigator on the passenger side and while doing so, a green top, clear plastic container in a brown bag, fell out onto the street. Deputies inspected the container and recovered approximately 890 grams of cocaine in a plastic bag and $7,215.00 in U.S. currency.

10. Perez waived his right to remain silent and answered questions. He told deputies that earlier that day Gamez had instructed him to go to the Brumblay Street address and enter the garage of the residence. Once in the garage, Gamez told Perez to locate the washer/dryer next to Defendant Property and remove a brown bag containing cocaine. Gamez instructed Perez to bring the brown bag and its contents back to him. The driver of the Navigator corroborated Perez's statement.

11. Perez provided law enforcement officers consent to search the stash house on Brumblay Street. Officers noticed that the residence was sparsely furnished. The refrigerator contained no food, and there were no visible personal items located about or any pictures on the walls. Officers found mail addressed to Gamez in the house and Defendant Property in the garage. According to Harris Country Appraisal District records, Gamez purchased the Brumblay Street residence in 2016.

12. The SOI advised officers that Gamez provided Espinosa, his nephew, money to purchase Defendant Property. Espinosa registered Defendant Property in his name to thwart law enforcement officers from linking Defendant Property to Gamez. The SOI further told officers that Gamez purchased the Defendant Property with proceeds from the sale of cocaine and used it as his "toy/weekend fun car."

13. Officers obtained a copy of the title from inside Defendant Property. The title reflects that Defendant Property was purchased on June 25, 2018 from Amigos Cars and Trucks Inc., for $29,815.23. The buyer made a down payment of $17,815.00 in cash and financed the remaining balance of $11,085.00. Between June 25, 2018 and July 5, 2018, approximately two weeks, the buyer submitted four cash payments to pay off the balance owned on Defendant Property.

14. Defendant property is insured to Gamez but reflects that Espinosa is the registered owner.

15. Texas Workforce Commission and earning report results for Espinosa reflect that for the period March 1995 to February 2009, his total wages were $94,479.30. There is no record that Espinosa worked over the last nine years.

16. The Defendant Property constitutes moneys, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, et seq.), proceeds traceable to such an exchange, or moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

## NOTICE TO ANY POTENTIAL CLAIMANTS

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must

be filed no later than thirty-five days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be served upon the undersigned Assistant United Sates Attorney at the United Sates Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

## Requested Relief

Wherefore, the United States of America prays that judgment of forfeiture be entered against the Defendant Property in favor of the United States of America under 21 U.S.C. § 881(a)(6) and for such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By:    s/ Abe Martinez
Abe Martinez
Assistant United States Attorney
United States Attorney's Office
1000 Louisiana, Suite 2300
Houston, Texas  77002
(713) 567-9000 (office)
abe.martinez@usdoj.gov

## Verification

I, Cesar M. Hernandez, a Special Agent employed by the U.S. Drug Enforcement Administration, hereby verity under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in the foregoing Complaint For Forfeiture In Rem are based upon either personal knowledge or from information, reports, or records obtained during investigation and from other law enforcement personnel, and are true and correct to the best of my knowledge and belief.

Executed on this 15th day of July, 2019.

*Cesar M. Hernandez*
Cesar M. Hernandez
Special Agent
U.S. Drug Enforcement Administration